**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANNY R. JAMES, JR. and HEATHER A. JAMES,

        Plaintiffs,

    v.

COUNTRYWIDE HOME LOANS, INC., et al.,

        Defendants.

3:11-cv-578-RCJ-WGC

**ORDER**

Currently before the Court is Defendant MTC Financial Inc.'s, dba Trustee Corps, Motion to Dismiss (#3). The Court heard oral argument on February 13, 2012.

**BACKGROUND**

**I.    Facts**

Plaintiffs Danny James, Jr. and Heather James (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 2425 Pileus Road, Sparks, Nevada, which was recorded in Washoe County on April 16, 2007. (Deed of Trust (#3-1) at 7-8, 10). The mortgage, dated March 27, 2007, was for $284,000. (*Id.* at 8). The lender on the deed of trust was Countrywide Home Loans, Inc. (*Id.*). The trustee on the deed of trust was CTC Real Estate Services. (*Id.*). The Mortgage Electronic Registration System, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[1] under the security instrument. (*Id.*).

On May 24, 2010, MERS, as the nominee for the lender, executed an assignment of

---

[1] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

deed of trust and transferred all beneficial interest in the deed of trust to BAC Home Loans Servicing, LP, which had been formerly known as Countrywide Home Loans. (Assignment of Deed of Trust (#3-1) at 29).

On May 25, 2010, BAC Home Loans executed a substitution of trustee and replaced MTC Financial Inc dba Trustee Corps as the trustee for CTC Real Estate Services. (Substitution of Trustee (#3-1) at 36).[2] On May 27, 2010, MTC Financial dba as Trustee Corps, as agent for the beneficiary, recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#3-1) at 32-33).[3] The notice of default identified the breach of obligations as "failed to pay payments which became due." (*Id.* at 32). Patricia A. Sabatino, an employee of Lawyers Title Company, acting as an authorized signatory for MTC Financial had executed the notice of default. (*Id.* at 33).

On June 29, 2011, Trustee Corps recorded a certificate from the Nevada Foreclosure Mediation Program. (Mediation Certificate (#3-1) at 38). The certificate stated that the beneficiary could proceed with the foreclosure process because the property was "non-applicable." (*Id.*). That same day, Trustee Corps recorded a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#3-1) at 40).

**II.   Complaint**

In August 2011, MTC Financial filed a petition for removal and attached Plaintiffs' complaint from the Second Judicial District Court in Washoe County. (Pet. for Removal (#1) at 1; Compl. (#1) at 3-53). In the complaint, Plaintiffs sued Countrywide Home Loans, Inc.; CTC Real Estate Services; MTC Financial dba Trustee Corps.; BAC Home Loans Servicing LP; Lawyers Title Company; and Patricia A. Sabatino (collectively "Defendants"). (Compl. (#1) at 3). The complaint listed nine causes of action:  (1) debt collection violations;  (2) violation of the Unfair and Deceptive Trade Practices Act, NRS § 598.0923;  (3) violation of Unfair

---

[2] BAC Home Loans notarized the substitution of trustee on May 26, 2010. (Substitution of Trustee (#3-1) at 36).

[3] MTC Financial executed the notice of default on May 26, 2010 and notarized it on May 27, 2010. (Notice of Default (#3-1) at 33).

2

Lending Practices, NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violations of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (*Id.* at 25-48). Plaintiffs sought relief in the form of declaratory relief, reformation, and quiet title. (*Id.* at 50-51).

On October 27, 2011, this Court approved a stipulation between Plaintiffs and Defendants Countrywide Home Loans; Bank of America, N.A. (successor by merger to BAC Home Loans Servicing, LP), and CTC Real Estate Services to dismiss the claims against those defendants without prejudice. (Stipulation (#15) at 1). According to the stipulation, Bank of America and Plaintiffs had executed a loan modification agreement on August 19, 2011. (*Id.*).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

MTC Financial filed a motion to dismiss all claims in the complaint.  (Mot. to Dismiss (#3) at 19-30).  Plaintiffs filed a response and MTC Financial filed a reply.  (Opp'n to Mot. to Dismiss (#6);  Reply (#8)).

The Court grants MTC Financial's motion to dismiss in its entirety.  In this case, MTC Financial was the proper party to initiate foreclosure proceedings because it had been properly substituted as a trustee before it executed the notice of default.  *See* Nev. Rev. Stat. § 107.080(2)(c) (stating that to commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of the breach and

4

election to sell); *see Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, *2 (D. Nev. 2009) (finding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). As such, the Court grants the motion to dismiss claims four (violation of the covenant of good faith and fair dealing), five (violations of NRS § 107.080), six (quiet title), eight (slander of title), and nine (abuse of process) with prejudice.

The Court dismisses Plaintiffs' first cause of action. Plaintiffs argue that Defendants violated the state and federal Fair Debt Collection Practices Act because they sent collection notices without licenses. (Compl. (#1) at 25). However, foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA, 15 U.S.C. § 1692. *Camacho-Villa v. Great Western Home Loans*, 2011 WL 1103681, *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)). As such, the Court dismisses the first cause of action without leave to amend.

The Court dismisses the second cause of action without leave to amend. Plaintiffs allege that Defendants violated the Unfair and Deceptive Trade Practices Act, NRS § 598.0923, because they conducted business without the required licenses. Under that statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation, without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in this State: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court dismisses the second cause of action without leave to amend.

The Court dismisses the third cause of action without leave to amend. Plaintiffs allege that Defendants violated the Unfair Lending Practices Act, NRS § 598D.100. However, this statute only applies to "lenders." Nev. Rev. Stat. § 598D.100(1). Because the parties stipulated to dismiss the lenders from this case–Countrywide Home Loans and Bank of America, the Court dismisses this claim.

The Court dismisses the seventh cause of action without leave to amend. Plaintiffs make fraud allegations against Countrywide Home Loans. (*See* Compl. (#1) at 42). However, the parties stipulated to dismiss Countrywide Home Loans from this case.

Accordingly, the Court grants MTC Financial's motion to dismiss (#3) the complaint in its entirety without leave to amend. Moreover, the Court *sua sponte* dismiss all claims against the remaining defendants, Lawyers Title Company and Patricia A. Sabatino, without leave to amend because Plaintiffs fail to state a claim against them.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that MTC Financial's Motion to Dismiss (#3) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that the Court *sua sponte* DISMISSES the remaining defendants, Lawyers Title Company and Patricia A. Sabatino, from this case without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 23rd day of February, 2012.

_____
United States District Judge